19 F.3d 30
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark GHIGLIERI, Defendant-Appellant.
 No. 93-30264.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 8, 1994.*
Decided March 11, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Mark A. Ghiglieri appeals his 18-month sentence imposed following a guilty plea to attempted destruction of property with an explosive device in violation of 18 U.S.C. Sec. 844(i). Ghiglieri contends the district court erred by increasing his base offense level pursuant to U.S.S.G. Sec. 2K1.4(a)(2) based on its finding that the offense created a substantial risk of injury to other persons and endangered a structure. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review the district court's application of the Sentencing Guidelines de novo. See United States v. Karlic, 997 F.2d 564, 569 (9th Cir.1993). We review for clear error the court's factual findings in support of a sentencing enhancement pursuant to Sec. 2K1.4, including its finding that a defendant created a substantial risk of serious bodily injury to another person. Id. at 568.
 
 
 4
 A defendant's base offense level for an offense involving property damage by use of explosives is increased to 20 if the offense created a substantial risk of death or serious bodily injury or endangered a structure. U.S.S.G. Sec. 2K1.4(a)(2)(A), (C) (1992). The government bears the burden of proving, by a preponderance of the evidence, the facts that support a sentencing enhancement. Karlic, 997 F.2d at 569.[1]
 
 
 5
 Here, Ghiglieri detonated a homemade pipe bomb on a railroad trestle at approximately 12:30 a.m. on December 30, 1992, the night before New Year's Eve. He detonated a second bomb approximately a half hour later at the same location. The explosions did not cause any injuries or damage the trestle structure, but it severed a television cable.
 
 
 6
 The presentence report calculated the base offense level at 20 pursuant to section Sec. 2K1.4(a)(2)(C), based upon the conclusion that the pipe bomb explosions had endangered the trestle structure. Ghiglieri objected that the bombs had not endangered any structure and argued that therefore section 2K1.4(a)(2) was inapplicable.
 
 
 7
 At the sentencing hearing, the government argued that the explosions had both endangered the trestle structure and created a substantial risk of death or serious bodily injury to people. Ghiglieri's expert witness, Dr. Feves, testified that the bombs were not powerful enough to damage the trestle structure. In regard to the risk of injury, Deputy Sheriff Lamarch testified that the bridge was used by people to cross the river and that teenagers gathered under the bridge to party. Lamarch also testified that metal shrapnel from one of the pipe bombs was found at the site of the explosions, close to bottles and cigarette butts. O'Neal, a hazardous devices technician, testified that anyone hit by metal shrapnel from a pipe bomb explosion could be seriously injured. A special agent for the railroad testified that he received many calls alerting him to trespassers on the bridge.
 
 
 8
 The district court adopted the presentence report's calculation of the offense level and its conclusion that the bombs had endangered the trestle. In addition, the court found that the bombs had created a significant danger to people.
 
 
 9
 In light of the evidence that people sometimes used the bridge and that metal shrapnel from an exploding pipe bomb could cause serious injuries, the district court's finding that the pipe bomb explosions created a substantial risk of serious bodily injury was not clearly erroneous. Accordingly, the court did not err by determining that the base offense level is 20 pursuant to section 2K1.4(a)(2).[2] See Karlic, 997 F.2d at 569.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The issue in Karlic was whether, under the guideline in effect at the time Karlic was sentenced, Karlic knowingly, or only recklessly, created a substantial risk of death or serious bodily injury to others. The guideline then in effect provided for an 18-level increase in the base offense level if the defendant knowingly created a substantial risk of serious bodily injury and a 14-level increase if the defendant recklessly endangered the safety of another. U.S.S.G. Sec. 2K4. (b)(1), (2) (1989). Karlic had received an 18-level increase
 Effective November 1, 1990, section 2K1.4 was amended to provide for a base offense level of:
 (1) 24, if the offense (A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; ...
 (2) 20, if the offense (A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense; ... or (C) endangered a dwelling, or a structure other than a dwelling.
 U.S.S.G. Sec. 2K1.4(a)(1), (2) (1990); see U.S.S.G.App. C, Amendment 330.
 In the instant case, the district court established Ghiglieri's offense level pursuant to section 2K1.4(a)(2), which does not require that the danger be created knowingly.
 
 
 [2]
 Because the finding of substantial risk of serious bodily injury is sufficient to justify an offense level of 20, we need not decide whether the district court clearly erred by finding that the pipe bombs endangered a structure